**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROCKER MANAGEMENT, LLC, et al. : <br><br> Plaintiffs, : <br><br> v. : <br><br> LERNOUT & HAUSPIE SPEECH : <br> PRODUCTS N.V., et al. : <br><br> Defendants. : | Civil Action No. 00-5965 (PGS) <br><br> **Memorandum and Order** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on an appeal of Magistrate Judge Salas's Opinion and Order of December 28, 2007, granting Defendant Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren's ("KPMG-B") request for a stay of certain depositions. The stay is for the shorter of six months (July 1, 2008) or the completion of the ongoing Belgian criminal trial, according to the Order. Defendant may apply to extend the stay.

1.

The facts of this securities fraud action from 2000 have been recounted at length by this Court in its Opinion and Order dated September 24, 2007. Thus, the Court need not set forth the basic facts of the dispute. With regard to the present motion, some limited background is necessary. KPMG-B is a Belgian accounting firm. KPMG-B allegedly made false statements in its Independent Auditor's Report of Defendant Lernout & Hauspie's ("L&H") 1998 financial statements; it allegedly misrepresented the 1998 revenues of L&H, and indicated that its audit had been "independent," and

that said audit was in accordance with generally accepted American auditing standards. In addition to this civil action, KPMG-B is currently defending itself in a Belgian criminal matter being prosecuted in Ghent. The criminal trial began on May 21, 2007, and is still ongoing. It is expected to last though part of 2008.

On May 15, 2007, Plaintiffs noticed KPMG-B's Rule 30(b)(6) deposition, and KPMG-B consequently moved for a stay of all depositions until the conclusion of the Belgian criminal trial. Discovery has stalled multiple times in this case and there is still much discovery to complete.

II.

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(a), "a magistrate judge is permitted to hear and determine non-dispositive matters. When appropriate, a magistrate judge is permitted to 'issue a written order stating the decision' on non-dispositive matters. *Fed. R. Civ. P. 72(a)*. Non-dispositive matters include . . . pretrial discovery matters . . . ." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). Under Federal Rule 72(a) and Local Civil Rule 72.1(c)(1), a party "who objects to a magistrate judge's order on a non-dispositive matter may file objections within ten days of the order." *Id.* "A Judge shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *L. Civ. R. 72.1(c)(1)(A)*; *see also Fed. R. Civ. P. 72(a)* (stating that a district judge must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law").

"A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.' A ruling is contrary to law if

2

the magistrate judge has misinterpreted or misapplied applicable law. The burden of showing that a ruling is 'clearly erroneous or contrary to law rests with the party filing the appeal.'" *Sherrer*, 529 F. Supp. 2d at 518 (citations omitted). However, "where an appeal seeks review of a procedural matter that a magistrate judge routinely is called upon to decide" and "[w]here a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." *Rhett v. N.J. State*, No. 07-1310, 2007 U.S. Dist. LEXIS 35350, at *4 (D.N.J. May 14, 2007). "A United States Magistrate Judge has broad discretion in deciding a discovery motion" and "'[t]his test displays considerable deference to the determination of magistrates in such matters.'" *Port Auth. v. Affiliated FM Ins. Co.*, No. 91-2907, 2001 U.S. Dist. LEXIS 7579, at *5 (D.N.J. March 28, 2001) (citations omitted). "On appeal from such an order, the scope of this Court's review is narrow." *Id.*

Here, Magistrate Judge Salas ruled on a motion for a stay of KPMG-B's depositions pending the outcome of a Belgian criminal proceeding. This motion was clearly not dispositive, and generally, courts have the discretion to stay proceedings for prudential reasons. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Furthermore, magistrate judges routinely make discretionary rulings on discovery matters, and those rulings are entitled to broad deference. *Porth Auth.*, 2001 U.S. Dist. LEXIS 7579, at *5. Thus, the Court reviews Judge Salas's opinion for abuse of discretion. "We will not disturb an exercise of discretion 'unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Dasilva v. Esmor Corr. Servs.*, 167 Fed. Appx. 303, 307 (3d Cir. 2006) (citations omitted).

It appears that Judge Salas properly weighed the factors in *Walsh Securities, Inc. v. Cristo*

3

*Prop. Mgmt.*, 7 F. Supp. 2d 523 (D.N.J. 1998)[1] and did not make any "clear error[s] of judgment." While the stay of a civil case is an "extraordinary remedy," *Id.* at 526, Judge Salas applied the factors as set forth in *Walsh* and issued a proper analysis which, in her discretion, weighed in favor of a stay in this particular scenario.

Judge Salas reasonably found that, given the evidence before her, under the first factor (indicated as the most important one), the issues presented in this case were sufficiently similar to the issues presented in the Belgian criminal trial, and that under the second factor, the Belgian criminal trial had been commenced and is currently ongoing. Thus, these factors weighed toward a stay. Judge Salas found that the heavily contested third factor also weighed in favor of a stay because of the lack of any unique prejudice to Plaintiff (despite continued delay in this seven-year-old case); the Court is hard-pressed to find a clear error in judgment here, considering there is case law to suggest that mere delay is not enough to constitute unique harm in the context of a stay. *See In re Adelphia Comm'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003). The fourth factor, also contested, weighed in favor of a stay because Judge Salas felt that it was unfair for KPMG-B to have to defend itself in two suits in two different countries even though there was little to no risk of self incrimination in Belgium based on Belgian law. While this factor may not weigh as heavily as the others, it is still difficult to conclude that Judge Salas's opinion was based on a clear error of judgment.[2] Indeed, even without this factor weighing toward a stay, Judge

---

[1] Both parties agree that *Walsh* is the proper case to apply in this matter.

[2] Plaintiffs point out that this stay is directed only toward depositions of KPMG-B individuals and that all other discovery will continue. Thus, Plaintiffs argue, KPMG-B will have to defend itself on two fronts regardless of whether this stay is entered. While Plaintiffs raise a valid point, it is unclear, aside from the depositions, what discovery KPMG-B will be subject to. Furthermore, Judge Salas's conclusion that it would be prejudicial to have to defend oneself at

Salas still had three out of the six factors supporting her conclusion and, since the *Walsh* analysis is a balancing test, Judge Salas was still within her discretion to so balance.

Lastly, Judge Salas only lightly touched on the fourth and fifth factors – the interest of the court and the interest of the public. She found that even if these factors weighed against a stay, they would not weigh heavily enough to negate the first four factors because "a stay of depositions will [not] greatly impact either the Court's or the public's interest in the efficient resolution of this dispute." While this is a rather old case, a temporary stay such as the one at issue in this motion can not reasonably be said to harm the interests of the Court or the public's interest in expeditious resolution. Indeed, Judge Salas opined that because "the parties are going before the Third Circuit [on several issues] and given that all other discovery is still going forward, a limited stay is an appropriate solution to the difficulties suggested by KPMG-B." Thus, the Court cannot say that Judge Salas made a "clear error of judgment" in so concluding.

The Court finds that Judge Salas's Order is reasonable. It is affirmed.

Now therefore, it is, on this 10th day of April, 2008,

ORDERED that the Order staying the depositions of KPMG-B is affirmed.

April 10, 2008                                                                                   PETER G. SHERIDAN, U.S.D.J.

---

home and abroad at the same time in two different proceedings was reasonable; even if the Court would have reached a different conclusion than Judge Salas, this is not enough to warrant reversal. *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000).